THOMAS FILLORAMO, Respondent, *v.* CARDER REALTY CORPORATION, Appellant.

Supreme Court, Appellate Term, First Department, December 13, 1935.

*Arthur J. Carleton,* for the appellant.

*M. C. Berger,* for the respondent.

PER CURIAM. The statutory three months' period of limitations begins to run once there is a final determination of the prevailing rate of wages for any particular period of time; and not from the time that the entire period of employment of a particular employee is covered by final orders. (Labor Law, § 220, subd. 8.) Only the action for the period from May 1 to June 8, 1932, was brought in time. The order and judgment appealed from must be modified to limit the judgment to that period.

The judgment and order should be modified so as to grant summary judgment only for the period from May 1 to June 8, 1932, and as modified affirmed, and case remanded to court below for assessment of damages.

CALLAHAN and SHIENTAG, JJ., concur; LYDON, J., dissents, with memorandum.

LYDON, J. (dissenting). I dissent and vote to affirm.

The determination about to be made holds that three separate actions were necessary in a case where, I think, only one should be required or permitted.

Plaintiff's entire employment had expired before he became entitled to maintain any action for underpayment of wages. If,

after the termination of his employment, he had brought an action for wages for any part of the term of his employment, that action would have been a bar to any later action for wages for any other part of the period of the employment. He would have been obliged to sue, in a single action, for all that was due him when the action was commenced. The same principle should apply here and as the pendency of the employer's proceeding before the Industrial Commissioner prevented the bringing of such a single action until that proceeding was concluded, this action brought upon the conclusion of that proceeding should be held timely.

Judgment and order modified so as to grant summary judgment only for the period from May 1 to June 8, 1932, and as modified affirmed, and case remanded to court below for assignment of damages.